DAVID BORGEN, CA Bar No. 099354
LAURA L. HO, CA Bar No. 173179
MEETALI JAIN, CA Bar No. 214237
GOLDSTEIN, DEMCHAK, BALLER,
    BORGEN & DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 763-9800
(510) 835-1417 (fax)

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVE BOREN, RON KINERMAN, HECTOR BRISENO, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>KRAFT FOODS GLOBAL, INC., a publicly held corporation, and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. C06-02563-SI<br><br>**[PROPOSED] PRELIMINARY APPROVAL ORDER** |

1  WHEREAS, this action is pending before this Court as a class action (the "Action"); and

WHEREAS, Class Counsel have applied to this Court for an order preliminarily approving the settlement of the Action in accordance with a Stipulation and Settlement Agreement of Class Action Claims (the "Stipulation" or "Settlement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the exhibits annexed thereto;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. This Order incorporates by reference the definitions in the Stipulation, and all terms defined therein shall have the same meaning in this Order as set forth in the Stipulation.

2. The Court hereby conditionally certifies the Class for settlement purposes only. Should for whatever reason the Settlement not become final, the fact that the Parties were willing to stipulate to class certification as part of the Settlement shall have no bearing on, nor be admissible in connection with, the issue of whether of a class should be certified in a non-settlement context.

3. Named Plaintiffs Steve Boren, Ron Kinerman, and Hector Briseno are hereby appointed and designated, for all purposes, as the representatives of the Class, and the following attorneys are hereby appointed and designated as counsel for the Named Plaintiffs and the Class ("Class Counsel"):

> David Borgen and Laura Ho
> Goldstein, Demchak, Baller, Borgen & Dardarian
> 300 Lakeside Drive, Suite 1000
> Oakland, CA 94612

Class Counsel is authorized to act on behalf of Class Members with respect to all acts or consents required by, or which may be given pursuant to, the Settlement, and such other acts reasonably necessary to consummate the Settlement. Any Class Member

-1-

W02-SD:DSH\51415655.2
Case No. C06-02563-SI

[PROPOSED] PRELIMINARY APPROVAL ORDER

may enter an appearance through counsel of such Class Member's own choosing and at such Class Member's own expense. Any Class Member who does not enter an appearance or appear on his or her own will be represented by Class Counsel.

4. The Court hereby approves the definition and disposition of the Settlement Fund and related matters provided for in the Stipulation.

5. The Court hereby preliminarily approves the Stipulation and the settlement contained therein, including the Fees Award of $38,000, and the Named Plaintiffs' Incentive Awards of $4,000 each, or $12,000 total. The Court finds on a preliminary basis that the Stipulation appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. The Court has reviewed the monetary recovery that is being granted as part of the Settlement and recognizes the significant value to the Class of that monetary recovery. It appears to the Court on a preliminary basis that the settlement amount is fair, adequate and reasonable as to all potential Class Members when balanced against the probable outcome of further litigation relating to liability and damages issues. It further appears that extensive and costly investigation and research have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions. It further appears to the Court that settlement at this time will avoid substantial additional costs by all Parties, as well as avoid the delay and risks that would be presented by the further prosecution of the Action. It further appears that the Settlement has been reached as the result of intensive, serious and non-collusive, arms-length negotiations.

6. A hearing (the "Settlement Hearing") shall be held before this Court on September 22, 2006, at 9:00 a.m. in the U.S. District Court for the Northern District of California, Dept. 10, 450 Golden Gate Avenue, San Francisco, CA 94102, to determine all necessary matters concerning the Settlement, including: whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, adequate and reasonable and should be finally approved by the Court; whether a Judgment, as provided in the Stipulation, should be entered herein; whether the plan of allocation

contained in the Stipulation should be approved as fair, adequate and reasonable to the Class Members; and to finally approve Class Counsel's Fees Award and the Named Plaintiffs' Incentive Awards.

7. The Court hereby approves, as to form and content, the Notice and Claim Form annexed as Exhibits 1 and 2 to the Stipulation. The Court finds that the distribution of the Notice and Claim Form substantially in the manner and form set forth in the Stipulation and this Order meets the requirements of due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

8. The Court hereby appoints Gilardi & Co. LLC, 1115 Magnolia Avenue, Larkspur, CA 94939 as Claims Administrator and hereby directs the Claims Administrator to mail or cause to be mailed to Plaintiffs the Notice and Claim Form by first class mail within 30 days after the entry of this Preliminary Order (the "Notice Date") using the procedures set forth in the Stipulation. Plaintiffs who wish to participate in the settlement provided for by the Stipulation ("Settlement Class Members") must complete and return the Claim Form pursuant to the instructions contained therein by first class mail or equivalent, postage paid, within 30 days of the Notice Date.

9. Any Plaintiff may choose to opt out of and be excluded from the Class as provided in the Notice by following the instructions for requesting exclusion from the Class that are set forth in the Notice. All requests for exclusion must be submitted as provided in the Notice. Any such person who chooses to opt out of and be excluded from the Class will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal or comment thereon. Any written request to opt out must be signed by each such person opting out. Plaintiffs who have not requested exclusion shall be bound by all determinations of the Court, the Stipulation and Judgment, with the exception as to the federal claims that only those filing the Claim Form will be bound.

10.     Any Class Member may appear at the Settlement Hearing and may object or express the Member's views regarding the Settlement, and may present evidence and file briefs or other papers, that may be proper and relevant to the issues to be heard and determined by the Court as provided in the Notice.  However, no Class Member or any other person shall be heard or entitled to object, and no papers or briefs submitted by any such person shall be received or considered by the Court, unless on or before 30 days after the Notice Date, that person has served by hand or by first class mail written objections and copies of any papers and briefs in support of their position and verification of their membership in the Class upon: (1) Goldstein, Demchak, Baller, Borgen & Dardarian, Attn.: Laura L. Ho, 300 Lakeside Drive, Suite 1000, Oakland, CA 94612; and (2) Sheppard, Mullin, Richter & Hampton LLP, Attn.: Samantha D. Hardy, 501 West Broadway, 19th Floor, San Diego, CA 92101, and filed the objections, papers and briefs with the Clerk of this Court.  In order to be valid, the papers must be filed with the Clerk of this Court and received by all of the above counsel on or before 30 days after the Notice Date. Any Class Member who does not make his or her objection in the manner provided for in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the Settlement.

11.     All papers in support of the Settlement shall be filed with the Court and served on the Parties' Counsel no later than 5 Court days before the Settlement Hearing.

12.     All Claims Administration Expenses shall be paid for by Kraft.

13.     The Fees Award shall be paid to Class Counsel.  Upon payment to Class Counsel, Kraft, the Released Parties, Kraft's Counsel, and the Claims Administrator shall have no further liability or responsibility to Class Counsel, or any vendors or third parties employed by Plaintiffs or the Class Counsel, for attorneys fees, expenses and/or costs incurred by the Class Counsel on behalf of Plaintiffs in the Action.

14.     To the extent permitted by law, pending final determination as to whether the settlement contained in the Stipulation should be approved, the Plaintiffs, whether directly,

1 | representatively, or in any other capacity, whether or not such persons have appeared in the
2 | Action, shall not institute or prosecute any Released Claims against the Released Parties.

3     15.     The Settlement is not a concession or admission, and shall not be used
4 | against Kraft or any of the Released Parties as an admission or indication with respect to
5 | any claim of any fault or omission by Kraft or any of the Released Parties. Whether or not
6 | the Settlement is finally approved, neither the Settlement, nor any document, statement,
7 | proceeding or conduct related to the Settlement, nor any reports or accounts thereof, shall
8 | in any event be:

9     a.     Construed as, offered or admitted in evidence as, received as or
10 | deemed to be evidence for any purpose adverse to the Released Parties, including, but not
11 | limited to, evidence of a presumption, concession, indication or admission by Kraft or any
12 | of the Released Parties of any liability, fault, wrongdoing, omission, concession or
13 | damage; or

14     b.     Disclosed, referred to, or offered or received in evidence against any
15 | of the Released Parties in any further proceeding in the Action, or in any other civil,
16 | criminal or administrative action or proceeding, except for purposes of settling the Action
17 | pursuant to the Stipulation.

18     16.     As of the date this Order is signed, all dates and deadlines associated with
19 | the Action shall be stayed, other than those related to the administration of the Settlement
20 | of the Action.

21     17.     In the event the Settlement does not become effective in accordance with the
22 | terms of the Stipulation, or the Settlement is not finally approved, or is terminated,
23 | canceled or fails to become effective for any reason, this Order shall be rendered null and
24 | void and shall be vacated, and the Parties shall revert to their respective positions as of
25 | before entering into the Stipulation.

26     18.     The Court reserves the right to adjourn or continue the date of the Settlement
27 | Hearing and all dates provided for in the Stipulation without further notice to Class
28

-5-

Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

Dated: 6/23/06

*Susan Illston*
JUDGE OF THE U.S. DISTRICT COURT

-6-
W02-SD:DSH\51415655.2
Case No. C06-02563-SI
[PROPOSED] PRELIMINARY APPROVAL ORDER

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

I am employed in the County of San Diego; I am over the age of eighteen years and not a party to the within entitled action; my business address is 501 West Broadway, 19th Floor, San Diego, California 92101-3598.

On **June 23, 2006**, I served the following document(s) described as **[PROPOSED] PRELIMINARY APPROVAL ORDER** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

> David Borgen, Esq.
> Goldstein, Demchak, Baller, Borgen & Dardarian
> 300 Lakeside Drive, Suite 1000
> Oakland, CA 94612
> Telephone: (510) 763-9800
> Facsimile: (510) 835-1417
> *Attorneys for Plaintiffs*

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☐ **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was 619-234-3815. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and without error. Pursuant to Rule 2008(e), a copy of that report is attached to this declaration.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **June 23, 2006**, at San Diego, California.

*/s/ Romona Beaudry*
ROMONA BEAUDRY

W02-WEST:8RMB1\400023212.1 -1- Case No.: C06-02563-SI